**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

IN RE:

ALBERTO J. FOURCOY,

Case No. 26-19065-PDR
Chapter 13

Debtor.
______________________________________ /

**TRUSTEE'S RESPONSE IN OPPOSITION TO MOTION FOR GUIDANCE AND INSTRUCTIONS PURSUANT TO FED. R. BANKR. 1016 AND REQUEST FOR LIMITED AUTHORIZATION FOR DANAY SOSA TO APPEAR AND BE EXAMINED AT THE SECTION 341 MEETING AND MOTION TO DISMISS**

**COMES NOW**, Nancy K. Neidich, Standing Chapter 13 Trustee, by and through her undersigned counsel, and files the instant Response in Opposition and Request for Dismissal to Undersigned Counsel's *Motion for Guidance and Instructions Pursuant to Fed. R. Bankr. P. 1016 and Request for Limited Authorization for Danay Sosa to Appear and be Examined at the Section 341 Meeting* (the "Motion") [ECF No. 16] and states as follows:

1. The Motion seeks authorization from this Court to allow a third party, Danay Sosa ("Ms. Sosa"), to act on behalf of the deceased Debtor to appear at the § 341 meeting and provide testimony regarding the Debtor's financial affairs.
2. While the Trustee appreciates counsel's effort to address the practical difficulties resulting from the Debtor's death, the relief requested is inconsistent with the requirements of the Bankruptcy Code, Bankruptcy Rules, and the threshold inquiry mandated by Rule 1016(b), as no party has the authority from the Debtor to testify on his behalf, the plan is not confirmable and can not be amended.

3. First, Rule 1016(b) provides that "[u]pon the debtor's death…in a Chapter 11, 12, or 13 case, the court may dismiss the case or may permit it to continue if further administration is possible and is in the parties' best interests. If the case continues, it must proceed and be concluded in the same manner as though the death…had not occurred."

4. The burden rests on the party seeking continuation of the case to demonstrate that those requirements can be satisfied. The rule does not create a presumption in favor of continued administration of the case.

5. The facts of the instant case demonstrate that further administration is not presently possible nor in the best interest of the parties.

6. As stated in the Motion, the Debtor unexpectedly passed away prior to appearing and testifying at the § 341 Meeting of Creditors. As a result, neither the Trustee nor any interest creditors had the opportunity to examine the Debtor concerning assets, liabilities, income, expenses, transfers, claims, exemptions, or plan feasibility. Questioning of the debtor is a duty required of the Chapter 13 Trustee and essential to the administration of a Chapter 13 case.

7. The Motion highlights that Ms. Sosa did not have a power of attorney[1] to act on behalf of the Debtor nor has Ms. Sosa been appointed as the personal representative of Debtor's estate. Therefore, Ms. Sosa does not have legal authority to continue the case, address any plan defects, correct schedules, testify on behalf of the debtor or prosecute confirmation.

[1] The Trustee notes that had Ms. Sosa held a power of attorney such power would have terminated upon the death of the Debtor.

8. The Motion relies primarily upon *In re Smith*, 629 B.R. 934 (Bankr. S.D. Fla. 2021). However, that reliance is misplaced.

9. In *Smith*, the debtor's son had been appointed personal representative of the debtor's probate estate and appeared before the court in that fiduciary capacity. The court therefore had before it a legally authorized representative capable of acting for the estate. Further, *Smith* involved a bankruptcy case that had been actively administered for years before the debtor's death and arose in the unique context of a converted Chapter 11 proceeding. The court ultimately concluded that the case could not remain in Chapter 13 as the debtor had passed away prior to the filing of a Chapter 13 plan.

10. In the instant case, unlike *Smith,* no personal representative has been appointed, no probate proceeding is pending, no person possesses the legal authority to bind the estate, the Debtor passed away before attending and being examined at the § 341 meeting and the pending Chapter 13 Plan is not confirmable . The crucial element present in *Smith*, namely a court-authorized fiduciary, is entirely absent here.

11. The instant case is more akin to *In re Russell*, 2024 WL 150629 (2024), wherein the court denied the Motion to Waive the Appearance of the Debtor at the Section 341 Meeting of Creditors and granted the dismissal of the case, stating,

> No personal representative of the Debtor has been appointed at this point. In instances when a Chapter 13 debtor dies during the administration of a case, it is not uncommon for a personal representative to continue the administration of the case. Here, however, the First Meeting of Creditors had not been held before the Debtor passed away. No plan on behalf of the Debtor has been confirmed. The linchpin of a Chapter 13 case rests on the Debtor's ability to make all payments under the Plan and that the Plan provide for the Debtor's future income to be under the control of the Trustee to ensure compliance with the Plan. *See*, 11 U.S.C. §§ 1322 and 1325(a)(6). In this case, no Plan has been confirmed and there is nothing for this Court to administer. Under these circumstances, the case must be dismissed.

12. Additionally, the allowance of the requested examination would not solve the underlying problem in the case. The issue before the Court is not merely whether information can be gathered from Ms. Sosa. The issue is whether further administration of the case is possible and in the best interest of the parties.
13. The Motion attempts to characterize the requested relief as “limited.” However, allowing Ms. Sosa to appear in place of the Debtor and provide testimony concerning the Debtor's financial affairs would still not create a realistic path toward confirmation and the eventual completion of the case as Ms. Sosa is not authorized to execute amendments, resolve deficiencies, respond to Trustee requests, prosecute confirmation, modify the plan, address objections or otherwise fulfill the obligations necessary to obtain confirmation.
14. A review of the Debtor’s schedules, proposed plan and all currently filed claims reflects that the proposed plan is not confirmable nor feasible.
15. The Internal Revenue Service has filed Proof of Claim No. 1, which denotes an estimated priority claim of $300.00 for tax year 2023. The Debtor’s proposed plan is silent as to the treatment of the priority claim. There is no living party who can direct counsel to object to the claim or to provide information to the Internal Revenue Service.
16. Additionally, upon the passing of the Debtor, the only source of income available to fund the plan is the family support contributed by Ms. Sosa reflected on Line 8h of Schedule I, which is insufficient to fund the plan.
17. Thus, even if Ms. Sosa were legally able to testify, there remains no realistic path toward confirmation or completion of the case as neither Debtor’s Counsel nor Ms.

Sosa are authorized to amend the plan and/or file objections to treat the claim filed by the Internal Revenue Service, resolve issues of feasibility or address any other issues concerning the case.

18. The proposed plan filed by the Debtor provides solely for the unsecured general creditors. Unlike cases involving protection of significant exempt assets, ongoing mortgage cures, or other unique circumstances that may justify continued administration, this case presents no apparent benefit that would be realized through continuation of the instant case.

19. Continuing a bankruptcy case without a debtor, without a duly appointed representative, without a completed § 341 examination of the Debtor, and without a confirmable plan serves only to delay creditors while probate issues remain unresolved.

20. Additionally, continuing the instant case is not necessary nor in the best interest of the parties as creditors retain their rights under applicable non-bankruptcy law and may pursue recovery through probate administration if and when such proceedings are commenced.

21. Accordingly, dismissal best serves judicial economy and the interests of creditors.

**WHEREFORE**, the Trustee respectfully requests that the Court:

1. Deny the Motion;
2. Decline to authorize Ms. Sosa to appear in lieu of the Debtor at the § 341 meeting;
3. Determine that further administration is not presently possible under Fed. R. Bankr. P. 1016; and

4. Dismiss this Chapter 13 case or grant such further relief as the Court deems just and proper.

Respectfully submitted:
NANCY K. NEIDICH,
Standing Chapter 13 Trustee

By: /s/Gianny Blanco ______________
GIANNY BLANCO, ESQ.
FLORIDA BAR NO: 0078080
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402